USCA1 Opinion

 

 May 23, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 95-1526  ASTOR D. CHANCE, Plaintiff, Appellant, v. TAIWAN, Defendant, Appellee.  ____________________ No. 95-1573 No. 95-1629 ASTOR D. CHANCE, Plaintiff, Appellant, v. UNITED STATES OF AMERICA, ET AL., Defendants, Appellees. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Reginald C. Lindsay, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Lynch, Circuit Judges. ______________ ____________________ Astor D. Chance on brief pro se. _______________ ____________________ ____________________ Per Curiam. We affirm the judgments in these ___________ consolidated appeals substantially for the reasons recited by the district court. We add only the following comments.  1. The Government of Taiwan is amenable to suit in the United States only in accordance with the terms of the Foreign Sovereign Immunities Act of 1976 (FSIA), 28 U.S.C.  1602-11. See, e.g., Millen Indus., Inc. v. Coordination ___ ____ ____________________ ____________ Council for North American Affairs, 855 F.2d 879, 883 (D.C. ___________________________________ Cir. 1988) ("all laws, including the FSIA, [that are] applicable to nations also apply to Taiwan"); see generally _____________ Argentine Republic v. Amerada Hess Shipping Corp., 488 U.S. __________________ ____________________________ 428, 443 (1989) (FSIA "provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country"). Plaintiff is mistaken in arguing that the FSIA's applicability to Taiwan is affected by 4(b)(7) of the Taiwan Relations Act, 22 U.S.C. 3303(b)(7), which provides simply that the capacity of Taiwan "to sue and be sued" in United States courts is not altered "by the absence of diplomatic relations or recognition." His further suggestion that Taiwan's amenability to suit is affected by the Torture Victim Protection Act of 1991, Pub. L. No. 102-256, 106 Stat. 73 (set forth in note following 28 U.S.C. 1350), is likewise misplaced.  2. For the reasons enumerated in Saudi Arabia v. _____________ Nelson, 507 U.S. 349 (1993), plaintiff's attempt to invoke ______ the "commercial activity" exception to the FSIA proves -2- unavailing. In particular, because the governmental conduct of which he complains is "peculiarly sovereign in nature," id. at 361, his action cannot be regarded as one "based ... ___ upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere ...." 28 U.S.C. 1605(a)(2).  3. Finally, we reject the procedural objection voiced by plaintiff in Nos. 95-1573 & 95-1629. Inasmuch as a frivolous complaint can properly be dismissed under 28 U.S.C. 1915(d) on a sua sponte basis, see, e.g., Neitzke v. __________ ___ ____ _______ Williams, 490 U.S. 319, 324, 330 (1989), the court did not ________ err in dismissing these actions in advance of its indicated twenty-day deadline. Plaintiff, we note, has made no effort to buttress his substantive arguments in this regard on appeal. Affirmed. _________ -3-